IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

STEVE LAWRENCE MALICK,

    Plaintiff,

v.                                          CIVIL ACTION NO.: CV213-063

SOPHIA BUTLER, Public Defender,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Bacon County Jail in Alma, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Sophia Butler, his public defender, violated his rights by not revealing that she was also representing Plaintiff's co-defendant. Plaintiff also alleges in a letter dated May 20, 2013 (Doc No. 5-1), that no one from the Public Defender's Office has done anything for him and he has been unable to research his case. Plaintiff contends he should be appointed an attorney from outside the Public Defender's Office or be allowed to represent himself.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation

2

AO 72A
(Rev. 8/82)

omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff has failed to show that Defendant Butler acted under color of state law; therefore, Plaintiff cannot sustain his claims against Defendant Butler. Plaintiff's claims should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 18th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE